Michael E. **REED and Beth E. Reed,**
**Appellants (Plaintiffs below),**

v.

**CENTRAL SOYA COMPANY, INC.,** National **By–Products, Inc., and Boyce Turner d/b/a Boyce Turner d/b/a Turner & Sons Ag Service, Appellees (Defendants below).**

No. 27S05–9309–CV–1020.

Supreme Court of Indiana.

Dec. 7, 1994.

Mary A. Findling, Price & Barker, Indianapolis, Frank E. Gilkison, Beasley Gilkison Retherford Buckles & Clark, Muncie, for appellants Michael Reed and Beth Reed.

John R. Burns, III, Jeffrey A. Townsend, Baker & Daniels, Fort Wayne, for Central Soya Company, Inc.

John F. Prescott, Jr. Ice Miller Donadio & Ryan, Indianapolis, S.P. DeVolder, Gamble & Davis, P.C., Des Moines, IA, for National By–Products, Inc.

DICKSON, Justice.

In this case, a strict liability in tort action, plaintiffs-appellants Michael E. and Beth E. Reed seek rehearing following our decision in *Reed v. Central Soya Co., Inc.* (1993), Ind., 621 N.E.2d 1069. There, in part, we affirmed the trial court entry of summary judgment in favor of defendants-appellees, a producer and a distributor of animal feed. The Reeds challenge the majority holding that defendants were entitled to summary judgment as a matter of law because the nature of the damages, various physical disorders in the Reeds' dairy herd allegedly resulting from the ingestion of contaminated feed, was not "sudden, major damage to property." [1]

The Reeds contend that because they observed adverse symptoms in the herd within twenty-four hours after the initial ingestion of the feed, the resultant immediate reduction in the fair market value of the affected cows established sudden, major damage. The Reeds further assert that even though their initial awareness of other bovine disorders did not occur until weeks after ingestion, this does not alter the fact that this damage likewise was sustained upon the first ingestion of the tainted feed. In their petition for rehearing, the Reeds argue that (a) the dissent is correct in concluding that the determination of whether property damage is sudden and major is a question of fact, and (b) even if it were a question of law, genuine issues of material fact exist here which preclude granting summary judgment.

Defendants respond that the majority correctly determined that because "the question of whether the damage suffered by a plaintiff is sudden, major damage is a question of law," *Reed,* 621 N.E.2d at 1076, summary judgment was properly granted. Defendants claim that the facts suggest that the Reeds' alleged losses occurred gradually and are yet evolving and that such losses do not constitute the statutorily requisite "sudden, major damage."

■ While the issue of whether property damage is sudden and major can be disposed of as a matter of law in some situations, this is not always the case. At the pleading stage, the court may be able to dispose of the issue as a matter of law, either for the plaintiff or for the defendant, depending on the pleadings and related matters presented. Conversely, at the summary judgment stage, the court may be faced with a genuine issue of material fact which must necessarily be decided by the fact finder.

■ However, when the underlying facts of the case—when the damage first

---

1. For a plaintiff to recover under our strict liability statute, the plaintiff must suffer "physical harm," Ind.Code § 33–1–1.5–3, which is defined in a 1983 amendment to the statute as follows:
    "Physical harm" means bodily injury, death, loss of services, and rights arising from any such injuries, as well as sudden, major damage to property. The term does not include gradually evolving damage to property or economic losses from such damage.
    Ind.Code § 33–1–1.5–2.

manifested itself, how extensive the damage was, and how long the damage continued—are not in serious dispute, the issue is who should decide whether the damage is sudden and major, judge or jury? It is on facts such as these that the positions of the majority and dissent diverged in our initial opinion, the majority concluding that the issue is always one of law, and the dissent arguing that it is one of fact.

The legislature's directions are clear: the property damage must be sudden; it must be major; it may not include damages or resulting economic losses that are gradually evolving. Yet, courts must infuse these directions with legal meaning, and the facts of a particular case, when evaluated accordingly, may be sufficient to decide the case as a matter of law. Nevertheless, even when the statutory terms have been infused with meaning, there may be cases in which some weighing, balancing, or qualitative assessment of the underlying facts will be necessary to determine whether the facts meet those statutory standards. Such assessments should be left for the finder of fact. If the facts enable the court to unequivocally determine whether damage is sudden and major, then the issue is one of law. However, if weighing, balancing, and assessing must take place, the realm of the fact finder has been invaded and summary judgment is inappropriate. *See generally* Colleen P. Murphy, *Integrating the Constitutional Authority of Civil and Criminal Juries,* 61 Geo.Wash.L.Rev. 723, 730–31 (1993).[2]

This case requires such weighing, balancing, and assessing to determine (1) whether the Reeds' herd becoming sick and showing other adverse side effects within twenty-four hours of consuming the feed is "sudden" damage when the disorders did not become serious until ten days later and breeding problems did not become apparent until some time later still; (2) whether the decrease in fair market value of the herd asserted by the Reeds is "major" damage; and (3) whether milk producing and breeding problems that were arguably induced upon the initial ingestion of the feed but did not become manifest until sometime later constitute "gradually evolving" damage. Under the facts of this case, these determinations should be left for the fact finder.

For the foregoing reasons, rehearing is hereby granted, and our previous opinion is modified to provide that (a) whether property damage was "sudden, major damage" is an issue of fact in this case, precluding summary judgment on the products liability claims; and (b) because defendants are not entitled to summary judgment on the products liability claims, they are not entitled to summary judgment on the related punitive damage claims.

DeBRULER, GIVAN and SULLIVAN, JJ., concur.

---

2. The relative role of judge and jury in such situations is well described by Justice Scalia:

> [W]hen an appellate judge comes up with nothing better than a totality of the circumstances test to explain his decision, he is not so much pronouncing the law in the normal sense as engaging in the less exalted function of fact-finding. That is certainly how we describe the function of applying the most venerable totality of the circumstances test of them all—the "reasonable man" standard for determining negligence in the law of torts. At the margins, of course, that determination, like every other determination of pure fact or mixed fact and law, can become an issue of law—if, for example, there is no evidence on which any jury can reasonably find negligence. And even short of that extreme, the courts have introduced some elements of law into the determination—the rule, for example, that disregard of some statutorily prescribed safeguard is negligence per se, or the opposite rule that compliance with all the requirements of certain statutes precludes a finding of negligence. But when all those legal rules have been exhausted and have yielded no answer, we call what remains to be decided a question of fact—which means not only that it is meant for the jury rather than the judge, but also that there is no single "right" answer. It could go either way. Only, as I say, at the margins can an appellate judge say that this determination *must* come out the other way *as a matter of law.*
>
> . . . . .
>
> My point here . . . is not that we should undertake a massive recategorization, and leave a lot more of these questions to juries, but simply that we should recognize that, at the point where an appellate judge says that the remaining issue must be decided on the basis of the totality of the circumstances, or by balancing all the facts involved, he begins to resemble a finder of fact more than a determiner of law.

Antonin Scalia, *The Rule of Law as a Law of Rules,* 56 U.Chi.L.Rev. 1175, 1180–82 (1989) (footnotes omitted).

SHEPARD, C.J., concurs and dissents with separate opinion.

SHEPARD, Chief Justice, concurring and dissenting.

This case now goes the other way in the wake of the departure of Justice Jon Krahulik, who wrote the Court's opinion. In part, I agree with the point the new majority is making. Whether an injury to property is "sudden and major" under the act does seem susceptible to resolution on summary judgment sometimes and sometimes not, depending on the facts before the court. Op. at 85. This seems like sound and traditional summary judgment law.

I diverge with the majority where it declares that the facts support the inference that the damage to the Reed's property which evolved over some five years was "sudden." For the reasons outlined in Justice Krahulik's opinion, I would remain faithful to the legislature's 1983 amendments and hold otherwise.